# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MITCHELL E. HARPER,<br><br>      Plaintiff(s),<br><br>v.<br><br>NEVADA PROPERTY 1, LLC,<br><br>      Defendant(s). | Case No.: 2:19-cv-02069-GMN-VCF<br><br>**Order** |

Pending before the Court is Defendant's motion to enforce the settlement reached at the early neutral evaluation and for sanctions. Docket No. 41. Plaintiff opposes that motion on the basis that he disagrees with the proposed written settlement agreement memorializing the settlement as to (1) the scope of the confidentiality provision and (2) the language used that Plaintiff acknowledges Defendant's non-admission of wrongdoing. Docket No. 44 at 3-4. Plaintiff argues that there was no meeting of the minds as to these provisions. *See id.*

The first issue before the Court is to determine whether to set an evidentiary hearing on the motion. The Court sets an evidentiary hearing on a motion to enforce settlement when material facts are in dispute concerning the existence or terms of a settlement. *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987). In this case, Plaintiff's responsive brief is not supported by a declaration by him or by his counsel actually attesting to the representations being made.[1] Without citation to

---

[1] In addition, the representations now at issue appear to be in tension with the earlier factual representation of Plaintiff's counsel. On November 12, 2020, Plaintiff's counsel represented that Plaintiff had changed his mind about wanting to settle even though he had confirmed the key terms of the settlement on the record. Docket No. 36 at 1 ("On September 10, 2020, the parties reached a confidential resolution of the above-referenced matter. . . . [Nonetheless,] Plaintiff has told his counsel that despite having agreed to resolve this matter and confirmed the key terms of the agreement on the record with the Court, he no longer wishes to settle"). No attempt has been made by Plaintiff or Plaintiff's counsel to square the current representations with the previous representation.

supporting evidence, statements of counsel do not create material issues of fact. *Barcamerica Int'l USA Trust v. Tyfield Importers, Inc.*, 289 F.3d 589, 593 n.4 (9th Cir. 2002). Accordingly, Plaintiff must file a declaration in compliance with 28 U.S.C. § 1746 attesting to: (1) his beliefs as to the scope of each of the provisions identified above at the time of the settlement being reached on the record and (2) a direct statement that these are the actual reasons that he is refusing to dismiss this case based on the settlement stated on the record. That declaration must be filed by February 16, 2021.

In addition, the reply brief represents that (1) there were no discussions among counsel as to the two terms at issue and (2) that one or both terms as written are standard practice between defense counsel and Plaintiff's counsel. *See* Docket No. 47 at 5-6. Defense counsel must file a declaration made in compliance with 28 U.S.C. § 1746 supporting those assertions by February 16, 2021.

Lastly, the Court will resolve the motion to enforce and for sanctions if necessary, but strongly encourages the parties to end this dispute without further judicial oversight if possible. Counsel should confer on whether agreement can be reached on the language at issue. *Cf.* Docket No. 47 at 6 (reply brief essentially inviting further discussion to avoid an evidentiary hearing). To the extent an amicable resolution is reached through such discussion, a notice so stating must be filed by February 9, 2021.

IT IS SO ORDERED.

Dated: February 2, 2021

Nancy J. Koppe
United States Magistrate Judge