# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MITCHELL E. HARPER,<br><br>　　　Plaintiff(s),<br><br>v.<br><br>NEVADA PROPERTY 1, LLC,<br><br>　　　Defendant(s). | Case No.: 2:19-cv-02069-GMN-VCF<br><br>**Order**<br><br>[Docket No. 52] |

　　　Pending before the Court is a written statement from Plaintiff, Docket No. 52, which is defective in several ways.

　　　First, the Court ordered Plaintiff to file "a declaration in compliance with 28 U.S.C. § 1746." Docket No. 48 at 2. The written statement does not comply with the statute, including that it was not provided under penalty of perjury.

　　　Second, the Court's order for the contents of that declaration were very clear. The Court ordered that the declaration must include: "(1) [Plaintiff's] beliefs as to the scope of [the provisions regarding confidentiality and non-admission of liability] at the time of the settlement being reached on the record and (2) a direct statement that these are the actual reasons that he is refusing to dismiss this case based on the settlement stated on the record." *Id.* Plaintiff's written statement does not comply with this order. For example, Plaintiff's response to the motion to enforce settlement stated that, at the time of stating on the record that the case had settled, Plaintiff did not believe that the confidentiality requirement would prohibit him from discussing "the trauma inflicted on him while in Defendant's employ." Docket No. 44 at 4. The Court has not identified in the written statement any direct attestation that this was in fact Plaintiff's belief at the time of placing the settlement on the record, nor any direct statement that this is an actual reason that he is currently refusing to proceed with dismissing the case. Moreover, the written statement appears

1

to address Plaintiff's understanding of the general release provision, *see* Docket No. 52 at 6, but it does not address in a direct manner the provision that there would be no admission of liability.

Lastly, Plaintiff's counsel filed this written statement under seal, but there is no proof of service showing that it was served on defense counsel. *See* Local Rule IA 10-5(d).

Accordingly, the Court again **ORDERS** Plaintiff to file a declaration in compliance with 28 U.S.C. § 1746 attesting to: (1) his beliefs as to the scope of each of the provisions identified above at the time of the settlement being reached on the record and (2) a direct statement that these are the actual reasons that he is refusing to dismiss this case based on the settlement stated on the record. This declaration must be tailored to address the specific factual representations and arguments presented in opposing the motion to enforce settlement. Docket No. 44. This declaration must be filed and served in compliance with the local rules by February 24, 2021. The Court has already provided an extra opportunity for Plaintiff to properly support his factual contentions. He must ensure that he complies with this order as **there will be no further opportunities**.

In addition to the above, Plaintiff's counsel must serve defense counsel with the written statement already filed at Docket No. 52 and must file a proof of service by February 18, 2021.

IT IS SO ORDERED.

Dated: February 17, 2021

_____
Nancy J. Koppe
United States Magistrate Judge