1

2

3

4

5            **UNITED STATES DISTRICT COURT**

6              **DISTRICT OF NEVADA**

7

8    MITCHELL E. HARPER,                              Case No. 2:19-cv-02069-GMN-VCF

9         Plaintiff(s),                                        **Order**

10   v.                                                    [Docket No. 40]

11   NEVADA PROPERTY 1, LLC,

12        Defendant(s).

13        Pending before the Court is Defendant's motion to seal.  Docket No. 40; *see also* Docket

14   No. 41 (sealed motion with exhibits).  In addition, the parties have since made several filings under

15   seal without an accompanying motion to seal.  Docket Nos. 44 (responsive brief and exhibit), 47

16   (reply brief), 49 (notice of meet and confer), 50 (supplemental declaration), 51 (certificate of

17   service), 52 (supplemental written statement), 54 (certificate of service), 55 (supplemental

18   declaration and certificate of service).

19        There are three underlying problems with the above course of conduct.  First, "papers filed

20   with the court under seal must be accompanied by a motion for leave to file those documents under

21   seal."  Local Rule IA 10-5(a).  Several of the above documents have no supporting motion to seal.

22        Second, while the Court's ADR process is confidential in nature, Local Rule 16-5, that

23   does not equate to blanket permission to file under seal any document related in any way to that

24   process.  Indeed, the local rules are explicit that, "[i]n the event of a dispute to enforce a settlement

25   agreement, the court may order the disclosure of confidential information."  *Id.*  As such, a request

26   to seal documents in relation to a motion to enforce settlement must still be supported by a proper

27   showing that the applicable standards for sealing apply.  *E.g.*, *Blain v. Titanium Metals Corp.*,

28

1  2019 WL 1207929 (D. Nev. Mar. 14, 2019).  There is no identification of the governing standards

2  here, nor meaningful discussion as to how they are met.

3      Third, any request to seal must be "narrowly tailored" to remove from the public sphere

4  only the material that warrants secrecy.  *E.g.*, *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D.

5  Cal. 2016) (citing *Press-Enterp. Co. v. Superior Court*, 464 U.S. 501, 513 (1984)).  As a corollary,

6  to the extent any confidential information can be easily redacted while leaving meaningful

7  information available to the public, the Court must order that redacted versions be filed rather than

8  sealing entire documents.  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir.

9  2003); *see also In re Roman Catholic Archbishop of Portland in Ore.*, 661 F.3d 417, 425 (9th Cir.

10  2011).  No showing has been made here as to why redaction is not feasible, as opposed to outright

11  sealing.

12      No later than March 31, 2021, the parties must file a joint supplement that (1) identifies the

13  applicable standards for the requests to seal, (2) states with particularity how each document at

14  issue meets those standards, and (3) explains either why redaction is not feasible for any particular

15  document or proposes redactions for that document.  Alternatively, the joint supplement may

16  withdraw the request to seal for any particular document.

17      IT IS SO ORDERED.

18      Dated: March 11, 2021

19      _____

20      Nancy J. Koppe
        United States Magistrate Judge

21

22

23

24

25

26

27

28

2